NO. 07-06-0214-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 22, 2006
_____

AMELIA EUGINA MOORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 52,333-E; HONORABLE W.F. "CORKY" ROBERTS, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON ABATEMENT AND REMAND**

Appellant Amelia Eugina Moore has given notice of appeal from a conviction and sentence for forgery of a financial instrument. The appellate court clerk received and filed the trial court clerk's record on September 12, 2006, and received and filed the reporter's record on August 28, 2006.

Appellant's brief was originally due on October 12, 2006. Appellant's appointed appellate counsel Cynthia J. Barela requested an extension of the due date. This Court granted the request, but advised counsel that the Court ordinarily does not grant requests

for subsequent extensions absent good cause, and that the Court does not generally consider the normal press of business to constitute good cause for an extension. The extended due date was November 13.

Appellant filed a second motion for extension. The second motion did not state the facts relied on to explain the need for an extension, as required by Rule of Appellate Procedure 10.5(b), and was deficient in other respects. The Court directed counsel to re-submit the motion. Counsel's re-submitted motion represented that counsel did not anticipate further requests for an extension, but still did not state the facts relied on to explain the need for an extension. Noting that deficiency, the Court denied the motion, but extended the due date to December 8.

Appellant filed a third motion for extension. This motion contained, as the facts supporting the need for extension, the statement, "Due to excessive court appearances and her schedule, Appellant's Attorney has not had sufficient time do [sic] research and write a brief." The motion stated that one previous motion for extension had been granted, omitting the facts that a second motion and a re-submitted second motion had been filed but denied. The motion repeated the representation that counsel did not anticipate further requests for an extension. The motion requested an extension of the due date until January 7, 2007. The Court denied the requested extension and set the due date for the brief for December 22, 2006. This Court's December 8, 2006, letter setting the due date stated that additional extensions would not be granted "absent extreme and unusual circumstances." It also stated that failure to comply with the deadline could result in the appeal being abated and remanded to the trial court.

2

On December 20, appellant filed a fourth motion for extension of time, requesting an extension until January 9, 2007. As a statement of facts explaining the need, this motion contains the same statement as the previous motion. Counsel gives no information that permits the Court to conclude she is facing extreme or unusual circumstances. In fact, by simply repeating the statement from her previous motion, counsel leaves the distinct impression she simply is ignoring the clear language of the Court's December 8 letter. Appellant's motion for extension is denied.

Accordingly, this appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing, at which appellant's present counsel shall personally appear, to determine:

(1)  whether appellant desires to prosecute this appeal;

(2)  if appellant desires to prosecute this appeal, the reasons for appellant's counsel's failure to comply with this Court's directives;

(3)  if appellant desires to prosecute this appeal, whether appellant's present counsel should be replaced; and

(4)  what orders, if any, should be entered to assure that the appeal will be diligently pursued if appellant desires to prosecute this appeal.

If the trial court determines that the present attorney for appellant should be replaced, the court shall cause the clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed attorney.

In support of its determination, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record.

3

The hearing proceedings shall be transcribed and included in a supplemental reporter's record. Those supplemental records shall be submitted to the clerk of this Court no later than January 25, 2007.

Per Curiam

Do not publish.